# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES RANDLE, M27372,       )
                                   )
         Plaintiff,        )
                                   )
vs.                            )      Case No. 19-cv-00766-SMY
                                   )
KIMBERLY BUTLER,         )
BRUCE RAUNER,           )
JOHN BALDWIN,           )
and JOHN DOE #1,        )
                                 )
        Defendants.     )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Randle, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims an unknown officer ("John Doe #1") at Menard Correctional Center ("Menard") subjected him to a sexually-motivated strip search. In connection with the incident, Plaintiff asserts claims against John Doe #1, Kimberly Butler, John Baldwin, and Bruce Rauner for conspiring to violate his rights under the Eighth Amendment and the Prison Rape Elimination Act. (*Id*. at p. 12). He seeks monetary damages and injunctive relief. (*Id*. at pp. 11-13).

This case is now before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must

be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On August 3, 2017, the Orange Crush Tactical Team conducted a shakedown of Menard's North One Upper Cell House where Plaintiff was housed.[1] (Doc. 1, p. 4). Officer Doe #1 stopped in front of Plaintiff's cell and ordered him to remove his clothing. (*Id*.). The officer then ordered Plaintiff to use his hands to separate his penis from his testicles and fondle himself for "a couple of minutes" while the officer watched in a "sadistic [and] seductive" way. (*Id*. at p. 5). Plaintiff was also ordered to spread his buttocks for the officer's inspection and then to use his fingers to hold his tongue while the officer inspected his mouth. (*Id*. at pp. 4-5). When Plaintiff objected, Officer Doe #1 threatened to spray him with mace and shove a "stick up [his] ass." (*Id*.). Fearing injury or death, Plaintiff complied with the officer's orders. (*Id*. at p. 5). He was then tightly cuffed and removed from his cell while it was searched and left in total disarray. (*Id*. at p. 6). He suffered serious emotional distress as a result of the incident. (*Id*.).

After transferring to Stateville on August 23, 2017, Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act to address the humiliating strip search at Menard. (*Id*. at pp. 6-9). IDOC officials[2] conspired to cover up the incident. (*Id*.). Plaintiff blames IDOC policies,

[1] Plaintiff initially lists the date of this incident as August 8, 2018 (*id*. at p. 4), but he later states that it occurred on August 3, 2017 (*id*. at pp. 6, 14, 20-21, 23, 25, 27-28).
[2] Plaintiff names the following individuals in connection with this cover-up: Olson, Doe #2, Christopher Bradley, Illinois Attorney General, Assistant Attorney General, colleagues, and others. (*Id*. at pp. 7-9). None of these individuals are identified as defendants in the Complaint.

customs, and practices for the deprivation of his rights and faults IDOC Director Baldwin for failing to investigate his complaint. (*Id.* at p. 10).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following Counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Defendants for subjecting Plaintiff to a humiliating strip search and/or failing to protect him from the same at Menard on August 3, 2017. |
| **Count 2:** | Civil conspiracy claim against Defendants for working together to cover up the incident that occurred at Menard on August 3, 2017. |
| **Count 3:** | Prison Rape Elimination Act claim against Defendants for their involvement in the humiliating strip search and/or cover-up of the incident that occurred at Menard on August 3, 2017. |
| **Count 4:** | Illinois state law claim against Defendants for the intentional infliction of emotional distress on Plaintiff on August 3, 2017. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

### Count 1

An Eighth Amendment claim may arise against a prison official who punishes an inmate without penological justification and with deliberate indifference. *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[R]ough or improper handling that cause[s] excessive pain or other harm" may support a constitutional claim. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). This includes "[u]nwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires . . . whether or not the

force exerted by the assailant is significant." *Washington*, 695 F.3d at 643 (citations omitted). The "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Davis v. Wessel*, 792 F.3d 793, 804 (7th Cir. 2015) (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)).

Plaintiff sets forth sufficient allegations to state an excessive force claim against Officer Doe #1 for his involvement in the alleged sexually motivated and/or humiliating strip search. However, the allegations support no claim against Butler, Baldwin, and Rauner, who are named as defendants solely because of their supervisory roles. Section 1983 lability requires personal involvement in or responsibility for a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The allegations do not suggest that these high-ranking officials knew about the strip search in time to prevent it, let alone facilitated, approved, or condoned it through any specific policies, customs, or practices attributable to them. Accordingly, Count 1 will proceed against Officer Doe #1 and will be dismissed against all other defendants.

### Count 2

Civil conspiracy claims are cognizable under Section 1983. *Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). Plaintiff has not satisfied this standard, however. The only individuals he identifies in connection with this claim are Olson, Doe #2, Christopher Bradley, Illinois Attorney General, Assistant Attorney General, and their colleagues. (Doc. 1, pp. 7-9). But he did not identify them as defendants in the case caption so he cannot proceed with the conspiracy claim against them.

FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Count 2 will therefore be dismissed without prejudice.

### Count 3

The Prison Rape Elimination Act does not support a private cause of action. See, *Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim brought under circumstances similar to those described in Plaintiff's Complaint). Accordingly, Count 3 will be dismissed as well.

### Count 4

Plaintiff's Illinois state law claim for intentional infliction of emotional distress ("IIED") arises from the same facts that give rise to Count 1 against Officer Doe #1. *See* 28 U.S.C. § 1367(a). The allegations and exhibits also support an IIED claim against the officer, given Plaintiff's reference to depression resulting from the strip search. *See McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017) (articulating elements of claim). Count 4 will proceed against Officer Doe #1 and will be dismissed without prejudice against the other defendants.

### Identification of Unknown Defendant

Officer John Doe #1 must be identified with particularity before service of the Complaint can be made on him. Plaintiff will therefore have an opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832. The Warden of Menard Correctional Center will be added as a defendant, in his or her official capacity only, and will be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name of this defendant is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designations in the caption and Complaint.

**Request for Injunctive Relief**

Plaintiff includes numerous requests for preliminary and permanent injunctive relief in the Complaint. (Doc. 1, pp. 11-13). His request for preliminary injunctive relief has been denied without prejudice. (Docs. 6, 8, and 10). The Court will address Plaintiff's request for permanent injunctive relief at the close of the case. Plaintiff may renew his request for a preliminary injunction if he believes it is warranted at any time during the pendency of the case.

**Motion for Appointment of Counsel**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*) (articulating factors district court should consider when presented with request for representation). Plaintiff has not demonstrated efforts to locate counsel on his own. In fact, he has admittedly "not made repeated efforts to obtain a lawyer." (Doc. 3, p. 2). Moreover, despite his diagnosis with a serious mental illness and his alleged representation by counsel in another case, the Court does not find him incapable of litigating this matter without an attorney. The Complaint survives screening and is coherent. Plaintiff's other pleadings are also well-prepared, coherent, and timely-filed. At this point, he appears capable of proceeding *pro se*. Plaintiff may renew his request by filing a new Motion for Recruitment of Counsel, setting forth any new, different, or additional reasons he requires representation, along with documentation reflecting his efforts to locate counsel before making his request.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A and will proceed as follows: **COUNTS 1** and **4** will receive further review against Defendant **JOHN DOE #1**.

**IT IS ORDERED** that **COUNTS 1** and **4** are **DISMISSED** without prejudice against Defendants **BUTLER, BALDWIN,** and **RAUNER** and **COUNTS 2** and **3** are **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **BUTLER, BALDWIN,** and **RAUNER** as parties to this action in CM/ECF and **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) for purposes of responding to discovery aimed at identifying the unknown defendant (Officer John Doe #1) and for implementing any injunctive relief that is ordered in this case. **Defendant Warden of Menard Correctional Center** **need only file a Notice of Appearance and is not required to answer or otherwise respond to** **the Complaint. Further instructions on discovery will be provided after the warden appears.**

The Clerk of Court shall prepare for Defendants **JOHN DOE #1** (once identified) and **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending forms as directed above

or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant John Doe #1 is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant John Doe #1 must only respond to the issues stated in this Merits Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: February 7, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that

it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**