IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES RANDLE, M27372,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00766-DWD |
| | ) |
| **KIMBERLY BUTLER,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Charles Randle, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center ("Stateville"), brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. The three named Defendants were dismissed on initial screening, but Plaintiff was permitted to proceed against Defendant John Doe #1. (Doc. 15). Due to Plaintiff's failure to identify Doe in accordance with the Court's Scheduling Order, the claim against Doe (and therefore the case) were dismissed. (Doc. 24). Plaintiff has now filed a Motion to Alter or Amend the Judgment (Doc. 26). The Motion is **DENIED**.

Plaintiff's Motion was filed within 28 days of the entry of judgment and will be considered under Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Amendment of the judgment under Rule 59(e) is "proper only when the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly

establishes a manifest error of law or fact." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017). It is an "extraordinary remed[y] reserved for the exceptional case." *Childress v. Walker*, 787 F.3d 433, 442 (7th Cir. 2015). A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Rule 59(e) may also not be used to "rehash previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Plaintiff appears to allege three errors of law or fact over the course of the case, none of which are either clearly established or material.

First, Plaintiff alleges that it was error to deny his request for recruitment of counsel. There is no right to court-appointed counsel in federal civil litigation, although an indigent litigant may ask the court to request an attorney to represent him—a decision which is left to the district court's discretion. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing 28 U.S.C. § 1915(e)(1)). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* The first question – whether the indigent litigant reasonably attempted to get a lawyer—is "a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, No. 17-3184, 2021 WL 456002, at *8 (7th Cir. Feb. 9, 2021). *See also Farmer v. Haas*, 990 F.2d 319,

321 (7th Cir. 1993) (failure to adequately attempt to secure counsel before filing a motion to recruit counsel requires a court to "deny it out of hand[.]").

Plaintiff freely admitted in his Motion for Recruitment of Counsel that he had not met this burden, and he made no allegation that he was prevented from doing so. (Doc. 3, p. 2). Instead, he refers to unsuccessful attempts in a previous, unrelated litigation (*Randle v. Jeffreys*, 16-cv-1191) and that counsel was eventually appointed in that prior case. This does not meet the standard. Attorneys who might have shied away from the comparatively complex claims in his prior case (which include medical care claims) might be willing to take the relatively straight-forward excessive force claim here. Similarly, attorneys whose schedules precluded taking on an additional case may now be available.[1] Plaintiff failed to meet the threshold requirement for recruitment of counsel; the Court's denial of his Motion was therefore not an error of law or fact.

Plaintiff also alleges that it was a manifest error to dismiss his claim against Defendant Doe for failure to abide by the deadline for identification. In the Initial Scheduling Order, Plaintiff was ordered to provide notice by July 23, 2020 to the Court and the Warden of any information he had which might help identify Doe. (Doc. 20, pp. 1-2). Plaintiff complied on July 26, 2020 (Doc. 21), giving a general physical description (older white male, stocky build, mustache) and shift/assignment (SORT team, 7 a.m. to 3 p.m. on August 8, 2017). The Warden filed a timely Notice of Compliance on August 7,

---

[1] The Court also notes that Plaintiff was found competent to litigate his own claim several times in the prior case and was only appointed counsel when the case had reached the summary judgment stage.

2020, stating that he had sent a copy of the security roster for August 3, 2017 to Plaintiff. (Doc. 22). The Initial Scheduling Order required Plaintiff to "file a motion to substitute a specific Defendant for the John Doe or, if the John Doe remains unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe" by August 24, 2020. (Doc. 20, p. 2). Plaintiff was specifically warned that failure to do so would result in dismissal of both Doe and the case as a whole for failure to prosecute. (*Id.*). Plaintiff filed no such motion, either before or after the deadline.

Plaintiff now alleges that the Warden's Notice of Compliance was "fraud," presumably because he sent the security roster for the wrong date (August 3 instead of the specified August 8, 2017). However, this error by the Warden did not excuse Plaintiff from his obligation under the Initial Scheduling Order. If the information provided was not sufficient for Plaintiff to identify Doe (including that the wrong information was provided), it was incumbent on Plaintiff to inform the Court of that fact by filing a motion outlining additional steps he needed for identification. He did not do so. Plaintiff states that he "did not under[stand] what he needed to do and/or the directive of the Court, [and] thus was not culpably negligent[.]" (Doc. 26, p. 3). Again, that is not the standard. As noted above, Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures[.]" *Resnick*, 594 F.3d at 568. While courts are required to give liberal construction to pro se pleadings, it is also well established that pro se litigants are not excused from compliance with procedural rules. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) and *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Here, the "procedural rule" came in the form of

4

an Order, and Plaintiff failed to comply with it. As such, there was no manifest error of law or fact meriting relief from judgment.

Finally, Plaintiff contends that it was error for the Court to *sua sponte* dismiss the claim and case for failure to abide by the Court's Order and failure to prosecute under Rule 41(b), because Rule 41(b) speaks in terms of a defendant making a motion. This line of argument is long-settled: a court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute under Rule 41. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000) (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962) and *GCIU Employer Retirement Fund v. Chicago Tribune*, 8 F.3d 1195 (7th Cir. 1993)). As such, dismissal was not a manifest error of law or fact.

## Disposition

Plaintiff's Motion to Alter or Amend the Judgment (Doc. 26) is **DENIED.**

**IT IS SO ORDERED**.

DATED: February 22, 2021

DAVID W. DUGAN
United States District Judge